IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02270-LTB

REGINALD HOLMES,

    Plaintiff,

v.

JAMES WITCHELL, and
INDEPENDENT RECORDS,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Reginald Holmes, has filed *pro se* on October 23, 2012, a letter to the Court (ECF No. 10) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on October 15, 2012. The Court must construe the request liberally because Mr. Holmes is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the letter will be construed as a motion to reconsider. For the reasons discussed below, the liberally construed motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will

consider Mr. Holmes' motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

The Court dismissed the instant action without prejudice because Mr. Holmes failed to comply with a court order.  The order in question, which was entered by Magistrate Judge Boyd N. Boland on September 4, 2012, directed Mr. Holmes to file an amended complaint that provides an address for Defendant James Witchell and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Although Mr. Holmes subsequently filed a copy of a Denver Police Department report that included a handwritten notation stating the document includes an address for Defendant James Witchell (*see* ECF No. 7), Mr. Holmes alleges in the motion to reconsider that he did not know he had to file an amended complaint.

On consideration of the motion to reconsider and the entire file, the Court finds that Mr. Holmes fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. A copy of the order directing Mr. Holmes to file an amended complaint was mailed to Mr. Holmes and Mr. Holmes fails to explain how he knew to provide an address for Defendant James Witchell if he did not receive a copy of that order. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that Plaintiff's motion to reconsider (ECF No. 10) filed on October 23, 2012, is DENIED.

DATED at Denver, Colorado, this  26th  day of    October    , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court